**CALLAHAN & BLAINE, APLC**
  A Professinal Law Corporation
Daniel J. Callahan (Bar No. 91490)
Edward Susolik (Bar No. 151081)
Brett E. Bitzer (Bar No. 264736)
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
Telephone: (714) 241-4444
Facsimile: (714) 241-4445
Email: bbitzer@callahan-law.com

**MEYER LAW GROUP LLP**
  A Limited Liability Partnership
Brent D. Meyer (Bar No. 266152)
268 Bush Street #3639
San Francisco, California 94104
Telephone: (415) 765-1588
Facsimile: (415) 762-5277
Email: brent@meyerllp.com

Attorneys for Plaintiff JULIE CARMEN TORRES,
Individually, and All Others Similarly Situated

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE CARMEN TORRES, individually, and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PHH MORTGAGE CORPORATION, a New Jersey corporation; OCWEN LOAN SERVICING, LLC, a Delaware limited liability company; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L., a Florida professional limited liability company; ROBERTSON, ANSCHUTZ, SCHNEID & CRANE LLC, a Florida limited liability company; RAS CRANE, LLC, a Florida limited liability company; RAS BORISKIN, LLC, a Florida limited liability company; and RAS CITRON, LLC, a New Jersey limited liability company,<br><br>Defendants. | CASE NO.  3:20-cv-04370-JSC<br><br>**PLAINTIFF JULIE CARMEN TORRES' NOTICE OF MOTION AND MOTION FOR ISSUANCE OF PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:        August 20, 2020<br>Time:        9:00 a.m.<br>Location:    450 Golden Gate Avenue[1]<br>                   Courtroom E (15th Floor)<br>                   San Francisco, California 94102<br>Mag. Judge: Honorable Jacqueline S. Corley |

Sidebar (rotated): CALLAHAN & BLAINE | A PROFESSIONAL LAW CORPORATION | 3 HUTTON CENTRE DRIVE, NINTH FLOOR | SANTA ANA, CALIFORNIA 92707 | TELEPHONE (714) 241-4444 | WWW.CALLAHAN-LAW.COM

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

**TO: PHH MORTGAGE CORPORATION; OCWEN LOAN SERVICING, LLC; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L.; ROBERTSON, ANSCHUTZ, SCHNEID & CRANE LLC; RAS CRANE, LLC; RAS BORISKIN, LLC; RAS CITRON, LLC; AND COUNSEL OF RECORD (IF ANY):**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Civil Procedure 65 and Civil Local Rules 7-2 and 65-2, on August 20, 2020 at 9:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Jacqueline S. Corley, Magistrate of the Northern District of California, Plaintiff Julie Carmen Torres, on behalf of herself and others similarly situated, ("Plaintiff") will and hereby moves (the "Motion") the Court for injunctive relief against Defendants PHH Mortgage Corporation and Ocwen Loan Servicing, LLC (hereinafter collectively to as the "PHH Defendants"), and Robertson, Anschutz, & Schneid, P.L.; Robertson Anschutz, Schneid & Crane, LLC; RAS Crane, LLC; RAS Boriskin, LLC; and RAS Citron, LLC (hereinafter collectively referred to as the "Law Firm Defendants"), and their agents, employees, and all other persons acting in concert with them.

**PLEASE TAKE FURTHER NOTICE** that as set forth in the Motion, Plaintiff specifically seeks entry of an order:

1. Enjoining the PHH Defendants and the Law Firm Defendants from filing and prosecuting non-meritorious Objections to Confirmation to Plans of Reorganization in cases filed under Title 11, Chapter 13 of the United States Code in any United States Bankruptcy Court with the State of California on the grounds that the plan cannot be confirmed because the plan does not provide for the correct amount of its pre-petition arrearage claim in violation of 11 U.S.C. §§ 1322(b)(2), (b)(5), and 1325(a)(1) (collectively, the "Scheme").

---

[1] Pursuant to General Order No. 72-4, Civil Cases, ¶ 2, "Through September 30, 2020, all civil matters will be decided on the papers, or if the assigned judge believes a hearing is necessary, the hearing will be by telephone or videoconference. This applies to motion hearings, case management conferences, pretrial conferences, settlement conferences, Alternative Dispute Resolution ("ADR") proceedings, and bench trials. For specific instructions on telephone or video appearances, see the docket on PACER, the assigned judge's schedule of upcoming proceedings (located on each judge's web page at cand.uscourts.gov/judges), or the ADR webpage. For more information, see https://www.cand.uscourts.gov/wp-content/uploads/general-orders/GO_72-4_In_Re_Coronavirus_Disease_Public_Health_Emergency_6-24-2020.pdf.

2.      Enjoining the Law Firm Defendants from practicing law in each and every United States Bankruptcy Court located in the State of California until such time that the law firm: (a) duly registers with the State Bar of California as a "law corporation" as required by California Business & Professions Code § 6160; and (b) obtains a certificate of registration from the State Bar of California pursuant to the California Professional Corporation Act, as contained in Part 4 (commencing with Section 13400) of Division 3 of Title 1 of the Corporations Code.

3.      Enjoining attorneys employed by the Law Firm Defendants, who are not duly licensed and admitted to practice law in the State of California, from filing pleadings on behalf of clients (including the PHH Defendants) and practicing law in each and every United States Bankruptcy Court, until such time that the attorney is: (a) duly admitted to practice law in the State of California by the State Bar of California pursuant to applicable law; and (b) duly admitted to practice law in the United States District Court in which the United States Bankruptcy Court is located.

As set forth in Motion, Plaintiff and the putative classes and subclasses (hereinafter, the "Classes") she represents will suffer irreparable harm if the Law Firm Defendants are allowed to continue to employ their frivolous Scheme, on behalf of the PHH Defendants, by seeking to churn attorneys' fees and increase loan balances of Plaintiff and class members in violation of California law and Bankruptcy law.  In addition, there is no valid justification for allowing the Law Firm Defendants to continue to practice law in California without first registering with the California Secretary of State and the State Bar of California, and there is also no valid justification for allowing attorneys employed by the Law Firm Defendants, who are not duly licensed to practice law in the State of California, to file pleadings on behalf of clients (including the PHH Defendants) and practice law in the State of California.

This Motion is supported by this Notice of Motion, the Memorandum of Points and Authorities in Support thereof, the Declaration of Counsel Brent D. Meyer, and the Request for Judicial Notice filed concurrently herewith, all records and papers on file in this action, and such other materials and argument as may be presented before or at the hearing.

**PLEASE TAKE FURTHER NOTICE** that Civil Local Rule 7-3(a) provides in relevant

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

part as follows: "(a) **Opposition**. Any opposition to a motion may include a proposed order, affidavits or declarations, as well as a brief or memorandum under Civil L.R. 7-4. Any evidentiary and procedural objections to the motion must be contained within the brief or memorandum. Pursuant to Civil L.R. 7-4(b), such brief or memorandum may not exceed 25 pages of text. The opposition must be filed and served not more than 14 days after the motion was filed. Fed. R. Civ. P. 6(d), which extends deadlines that are tied to service (as opposed to filing), does not apply and thus does not extend this deadline." See https://www.cand.uscourts.gov/rules/civil-local-rules/

Dated: July 7, 2020

**CALLAHAN & BLAINE, APLC**
**MEYER LAW GROUP LLP**

By:   /s/ BRETT E. BITZER
      Edward Susolik
      Brett E. Bitzer
      Brent D. Meyer
      Attorneys for Plaintiff
      JULIE CARMEN TORRES,
      Individually, and All Others Similarly
      Situated

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

CASE NO. 3:20-CV-04370-JSC
PLAINTIFF'S MOTION FOR ISSUANCE OF PRELIMINARY INJUNCTION

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................. 1

II. RELEVANT FACTUAL HISTORY ................................................................... 3

    A. Unlawful Business Practices of Filing Frivolous Objections to Confirmation ....... 3

        1. Standard-Form Chapter 13 Plans of Reorganization .................. 3

            a. Northern District of California ................................... 3

            b. Eastern District of California ..................................... 3

            c. Central District of California ..................................... 4

            d. Southern District of California .................................. 4

        2. Defendants' Unlawful Scheme to Churn Attorneys' Fees ........... 4

        3. Specific Example of Defendants' Unlawful Scheme ................. 5

        4. Summary of Defendants' Unlawful Scheme in the Bankruptcy Court ....... 7

    B. Unlawful Business Practices of Unauthorized Practice of Law in California ........ 7

III. LEGAL ARGUMENT ......................................................................................... 8

    A. Summary of Motion for Issuance of Preliminary Injunction ................. 8

    B. Plaintiff's Claims Are Likely to Succeed on the Merits ..................... 8

        1. Defendants' Unlawful Scheme Unequivocally Violates California Business & Professions Code §§ 17200 *et seq*. ...... 9

        2. Law Firm Defendants' Unauthorized Practice of Law ............. 12

            a. Defendant RAS Law's Unfair Business Practices ............ 15

            b. Defendant RASC Law's Unfair Business Practices ........... 16

            c. Defendant RAS Crane's Unfair Business Practices .......... 17

            d. Defendant RAS Boriskin's Unfair Business Practices ........ 17

            e. Defendant RAS Citron's Unfair Business Practices ......... 18

        3. Unauthorized Practice of Law By Non-California Attorneys ....... 18

            a. Unauthorized Practice of Law in Southern District of California ....... 19

CASE NO. 3:20-CV-04370-JSC
PLAINTIFF'S MOTION FOR ISSUANCE OF PRELIMINARY INJUNCTION

1

**TABLE OF CONTENTS**
**(CONTINUED)**

2

**Page**

3

        b.    Unauthorized Practice of Law in Eastern District of California ................................................................................. 20

4

        c.    Unauthorized Practice of Law in Central District of California ................................................................................. 21

5

C.    Plaintiff and Other Similarly Situated Class Members Will Suffer Irreparable Harm Absent Injunctive Relief.......................................... 22

6

7

D.    The Balance of Equities Tips Sharply in Plaintiff's Favor ................... 23

8

E.    The Injunctive Relief Sought is in the Public Interest ......................... 24

9

IV.    CONCLUSION............................................................................................ 24

10

11

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 3:20-CV-04370-JSC

PLAINTIFF'S MOTION FOR ISSUANCE OF PRELIMINARY INJUNCTION

**TABLE OF AUTHORITIES**

**Pages**

**Cases**

Allen v. McCurry,
  449 U.S. 90 (1980) ...........................................................................................12

Barquis v. Merch. Collection Ass'n,
  7 Cal.3d 94 (1972) .............................................................................................10

Birbrower, Montalbano, Condon & Frank v. Sup. Court,
  17 Cal.4th 119 (1998) ........................................................................................19

Cappiello, Hofmann & Katz v. Boyle,
  105 Cal.Rptr.2d. 147 (2001) ..............................................................................15

Cel-Tech Commc'n, Inc. v. Los Angeles Cellular Tel. Co.,
  20 Cal.4th 163 (1999) ........................................................................................11

Daugherty v. Am. Honda Motor Co., Inc.,
  144 Cal.App.4th 824 (2006) ..............................................................................11

Drakes Bay Oyster Co. v. Jewell,
  729 F.3d 967 (9th Cir. 2013) ...............................................................................9

Gilder v. PGA Tour, Inc.,
  936 F.2d 417 (9th Cir. 1991) ...............................................................................9

Kasky v. Nike Inc.,
  27 Cal.4th 939 (2002) ........................................................................................10

Masters v. Board of Dental Exam'r,
  15 Cal.App.2d 506 (1936) ..................................................................................14

Maxim Integrated Prods, Inc. v. Quintana,
  654 F. Supp. 2d 1024 (N.D. Cal. 2009) .............................................................23

Payne v. United Cal. Bank,
  23 Cal.App.3d 850 (1972) ..................................................................................11

People v. Casa Blanca Convalescent Homes, Inc.,
  159 Cal.App.3d 509 (1984) ................................................................................11

People v. McKale,
  25 Cal.3d 626 (1979) .........................................................................................10

People v. Merch. Protective Corp.,
  189 Cal. 531 (1922) ...........................................................................................14

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

**TABLE OF AUTHORITIES
(CONTINUED)**

**Pages**

People v. Ring,
    70 P.2d 281 (1937)..................................................................................19

Podolsky v. First Healthcare Corp.,
    50 Cal.App.4th 632 (1996) .....................................................................10

Pyro Spectaculars North, Inc. v. Souza,
    861 F. Supp. 2d 1079 (E.D. Cal. 2012)..................................................24

Saunders v. Sup. Court,
    27 Cal.App.4th 832 (1994) .....................................................................10

Scripps Clinic v. Sup. Court,
    108 Cal.App.4th 917 (2003) ...................................................................11

Searle v. Wyndham Int'l, Inc.,
    102 Cal.App.4th 1327 (2002) .................................................................10

Smith v. State Farm Mut. Auto. Ins. Co.,
    93 Cal.App.4th 700 (2001) .....................................................................10

South Bay Chevrolet v. Gen. Motors Acceptance Corp.,
    72 Cal.App.4th 861 (1999) ...............................................................10, 11

State Farm Fire & Casualty Co. v. Sup. Court,
    45 Cal.App.4th 1093 (1996) ...................................................................11

Winter v. Natural Res. Def. Council,
    555 U.S. 7 (2008)........................................................................9, 23, 25


**Statutes and Rules**

California Business & Professions Code § 6125 ..................................13, 19

California Business & Professions Code § 6127 .........................................15

California Business & Professions Code § 6127.5 ................................14, 15

California Business & Professions Code § 6160 .........................................14

California Business & Professions Code § 6161 ...................................14, 15

California Business & Professions Code § 6161.1 ......................................14

California Business & Professions Code § 6162 ...................................14, 15

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

**TABLE OF AUTHORITIES**
**(CONTINUED)**

**Pages**

California Business & Professions Code § 6163 ................................................................14

California Business and Professions Code § 17200.......................................9, 10, 11, 15

California Business & Professions Code § 17203 ............................................................9

California Corporations Code § 13401(a)........................................................................13

California Corporations Code §13404 ......................................................................13, 14

California Corporations Code § 17701.04(e) ...................................................................13

California State Bar Law Corporation Rule 3.150...........................................................15

California State Bar Law Corporation Rule 3.150(A) .....................................................14

California State Bar Law Corporation Rule 3.152...........................................................14

Local Rule 83.3 ................................................................................................................20

Local Rule 83.3(b) ...........................................................................................................20

Local Rule 2017-1(b)(1) ..................................................................................................21

Local Rule 2017-1(b)(2)(A).............................................................................................21

Local Rule 2090-1(a)(1)...................................................................................................22

Local Rule 2090-1(d)(1) ..................................................................................................22

Local Rule 9010-1............................................................................................................20

Local Rule 9011-2(a) .......................................................................................................22

United States Code, Title 15, § 41 ..................................................................................11

**Other Authorities**

1 Witkin, Cal. Procedure (4th ed. 1996) .........................................................................14

Standard-Form Chapter 13 Plan § 3.01.............................................................................4

Standard-Form Chapter 13 Plan § 3.02.....................................................................3, 5, 11

Callahan & Blaine
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

## I.     **INTRODUCTION**

The present action involves two interrelated sets of Defendants employing unfair business practices and preying on California residents, including Plaintiff Julie Carmen Torres ("Plaintiff"), in a multitude of ways.  Plaintiff's Class Action Complaint seeks, among other things, to permanently enjoin Defendants' frivolous conduct, as well as obtain restitution on behalf of herself and all other similarly situated class members.  Since Defendants' conduct unequivocally violates California law and is indefensible, Plaintiff seeks a preliminary injunction enjoining the Defendants' unfair business practices until the final adjudication of this case and a permanent injunction can be entered.

As referenced above, there are two main defendants: (1) the "PHH Defendants" comprising of defendants PHH Mortgage Corporation and Ocwen Loan Servicing, LLC; and (2) the "Law Firm Defendants" comprising of Robertson, Anschutz, & Schneid, P.L.; Robertson Anschutz, Schneid & Crane, LLC; RAS Crane, LLC; RAS Boriskin, LLC; and RAS Citron, LLC (collectively referred to as "the Defendants").

In a nutshell, the PHH Defendants are the holder in due course and/or loan servicer for loans secured by residential real property made to, among others, California residents, including Plaintiff. When a California resident commences a voluntary petition for relief under Title 11, Chapter 13 of the United States Code (the "Bankruptcy Code") and the debtor owns residential real property subject to a loan owned and/or serviced by the PHH Defendants, the PHH Defendants retain the Law Firm Defendants to represent their interests in each of the United States Bankruptcy Courts located in California.  This leads to three fundamental violations of California law and unfair business practices.

First, the Law Firm Defendants are not duly registered and licensed as law corporations by the State Bar of California, and as such, are prohibited from practicing law as a law corporation in California.

Second, the Law Firm Defendants, at the direction of and on behalf of the PHH Defendants, employ frivolous litigation tactics by filing and prosecuting non-meritorious Objections to Confirmation of Chapter 13 Plans of Reorganization in order to artificially manufacturer and churn

1   attorneys' fees, which the PHH Defendants then assert are recoverable under the loan documents

2   and add those fees to the loan balance of unsuspecting debtor.

3        Third, the Law Firm Defendants have established business operations in Florida, Georgia,

4   and New Jersey, and at the direction of the PHH Defendants, recently commenced business

5   operations in California without duly registering with the California Secretary of State as foreign

6   entities, and use attorneys from their out-of-state offices, who are not licensed to practice law in the

7   State of California, to file pleadings on behalf of their clients (including the PHH Defendants) and

8   practice law in the State of California.

9        Defendants cannot justify any of these unlawful business practices, and, therefore, Plaintiff

10   respectfully requests that this Court enter a Preliminary Injunction against the Defendants as

11   follows:

12        1.    Enjoining the PHH Defendants and the Law Firm Defendants from filing and

13   prosecuting non-meritorious Objections to Confirmation to Plans of Reorganization in cases filed

14   under Title 11, Chapter 13 of the United States Code in any United States Bankruptcy Court with

15   the State of California on the grounds that the plan cannot be confirmed because the plan does not

16   provide for the correct amount of its pre-petition arrearage claim in violation of 11 U.S.C. §§

17   1322(b)(2), (b)(5), and 1325(a)(1).

18        2.    Enjoining the Law Firm Defendants from practicing law in each and every United

19   States Bankruptcy Court located in the State of California until such time that the law firm: (a) duly

20   registers with the State Bar of California as a "law corporation" as required by California Business

21   & Professions Code § 6160; and (b) obtains a certificate of registration from the State Bar of

22   California pursuant to the California Professional Corporation Act, as contained in Part 4

23   (commencing with Section 13400) of Division 3 of Title 1 of the Corporations Code.

24        3.    Enjoining attorneys employed by the Law Firm Defendants, who are not duly

25   licensed and admitted to practice law in the State of California, from filing pleadings on behalf of

26   clients (including the PHH Defendants) and practicing law in each and every United States

27   Bankruptcy Court located in the State of California, until such time that the attorney is: (a) duly

28   admitted to practice law in the State of California by the State Bar of California pursuant to

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 2 -

applicable law; and (b) duly admitted to practice law in the United States District Court in which the United States Bankruptcy Court is located.

## II.   RELEVANT FACTUAL HISTORY

### A.   Unlawful Business Practices of Filing Frivolous Objections to Confirmation

#### 1.   Standard-Form Chapter 13 Plans of Reorganization

In each of the Districts in California for the United States Bankruptcy Court, there are standard-form plans of reorganization required for use in cases filed under Title 11, Chapter of the United States Code, and in each of these standard-form plans, there are specific provisions that provide that the Proof of Claim, and not the amount alleged in the plan, controls the amount and classification of the pre-petition arrearage claims.  (See Declaration of Brent D. Meyer in Support of Plaintiff's Motion for Preliminary Injunction ("Meyer Dec."), ¶2.)

#### a.   Northern District of California

In the Northern District of California, Section 3.02 of the Standard-Form Chapter 13 Plan provides as follows:

"The proof of claim, not this plan or the schedules, shall determine the amount and classification of a claim unless the court's disposition of a claim objection, valuation motion, adversary proceeding, confirmed plan, or lien avoidance motion affects the amount or classification of the claim, consistent with section 1.03."

(See Plaintiff's Request for Judicial Notice in Support of Motion for Preliminary Injunction ("RJN"), Exhibit 1; Meyer Dec., ¶ 3.)

#### b.   Eastern District of California

In the Eastern District of California, Section 3.02 of the Standard-Form Chapter 13 Plan provides as follows:

"The proof of claim, not this plan or the schedules, shall determine the amount and classification of a claim unless the court's disposition of a claim objection, valuation motion, or lien avoidance motion affects the amount or classification of the claim."

(See RJN, Exhibit 2; Meyer ¶ 4.)

///

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1

### c.     Central District of California

2       In the Central District of California, Class 2 of the Standard-Form Chapter 13 Plan provides

3  as follows:

4       "The arrearage amount stated on a proof of claim controls over any contrary amount listed

5       below."

6  (See RJN, Exhibit 3; Meyer Dec., ¶ 5.)

7

### d.     Southern District of California

8       In the Southern District of California, Section 3.01 of the Standard-Form Chapter 13 Plan

9  provides as follows:

10       "Unless otherwise ordered by the court, the amounts listed on a proof of claim or amended

11       proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over

12       any contrary amounts listed below."

13  (See RJN, Exhibit 4; Meyer Dec., ¶ 6.)

14

### 2.    Defendants' Unlawful Scheme to Churn Attorneys' Fees

15       Notwithstanding that the standard-form plans of reorganization in each of the Districts in

16  California for the United States Bankruptcy Court specifically provide that the amount of the pre-

17  petition arrearage claim set forth in the *Proof of Claim (Official Form 410)* controls over any amount

18  alleged by the debtor in the plan (see RJN Exhibits 1-4), Defendants have engaged in a pattern and

19  practice of filing non-meritorious and frivolous Objections to Confirmation asserting that the plans

20  cannot be confirmed solely because the plan does not provide for exact amount of its pre-petition

21  arrearage claim in violation of 11 U.S.C. §§ 1322(b)(2), (b)(5), and 1325(a)(1) ("Scheme").  (See

22  RJN, Exhibits 1-11; see also Meyer Dec., ¶¶ 8-18, Exhibit 32)

23       Plaintiff contends that Defendants engage in this Scheme because the PHH Defendants

24  compensate the Law Firm Defendants for professional services rendered in cases commenced under

25  Title 11, Chapter 13 of the United States Code consistent with the maximum allowable "Bankruptcy

26  Attorney Fees" established by Freddie Mae and Fannie Mae, which provides for piecemeal

27  attorneys' fees for various actions, including filing an "Objection to Confirmation."  (See Meyer

28  Dec., ¶ 7, Exhibit 31.)

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1    As a result, this compensation structure incentivizes the Law Firm Defendants to undertake

2    non-meritorious and frivolous actions, such as filing frivolous Objections to Confirmation, in order

3    to generate and churn attorneys' fees, because other than a *de minimis* fee ($150), the Law Firm

4    Defendants are not compensated by the PHH Defendants for the actual time spent on the cases.

5                    **3.    Specific Example of Defendants' Unlawful Scheme**

6    On or about September 30, 2019, Plaintiff filed a voluntary petition for relief under Title 11,

7    Chapter 13 of the United States Code in the United States Bankruptcy Court, Northern District of

8    California, Oakland Division, entitled In re Julie Carmen Torres, BK Case No. 19-42210-RLE.

9    (RJN, Exhibit 5.)  Also on September 30, 2019, Plaintiff filed a Chapter 13 Plan of Reorganization.

10   (RJN, Exhibit 6.)

11   On October 21, 2019, defendant Robertson, Anschutz & Schneid, P.L., in furtherance of the

12   Scheme, filed an objection to Plaintiff's Chapter 13 Plan on behalf of the PHH Defendants[2] (the

13   "Objection to Confirmation").  (RJN, Exhibit 7.)

14   Since the Objection to Confirmation was non-meritorious, Plaintiff's counsel sent the

15   following email requesting that the PHH Defendants immediately withdraw the Objection to

16   Confirmation:

17       "Sean,

18       On October 21, 2019, you filed an Objection to Confirmation [Dkt. No. 17] on behalf of
19       U.S. Bank, N.A. in the above-referenced matter.  In the Objection, you assert that Debtor's
         Chapter 13 Plan does not comply with section 1322(b)(5) of the Bankruptcy Code because
20       the Class 1 arrearage claim for U.S. Bank, N.A. (PHH Mortgage) is listed at $14,048.46 in
         the Chapter 13 Plan, whereas the amount of the arrearage claim should be $16,726.96,
21       although U.S. Bank, N.A. has yet to file a proof of claim confirming this amount.

22       Unfortunately, however, this Objection to Confirmation is without merit as Section 3.02 of
23       the standard-form Chapter 13 Plan specifically provides that "[t]he proof of claim, not this
         plan or the schedules, shall determine the amount and classification of a claim."  As such,
24       since the proof of claim and not Debtor's Chapter 13 Plan controls the amount and
         classification of the pre-petition arrearage claim in Class 1, Debtor does not have any
25       obligation to amend the terms of her Chapter 13 Plan.

26   _____

27       [2] Defendant PHH Mortgage Corporation was acting in its capacity as authorized agent and loan servicer for
28   U.S. Bank National Association, as Trustee For CBass Mortgage Loan Asset-Backed Certificates, Series 2007-CB4 in
     the Bankruptcy Case.  (See Exhibit 9, pg. 4.)

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

Further, in an effort to avoid unnecessary motion practice and hearings, and although not required to do so, on October 23, 2019, Debtor filed a First Amended Chapter 13 Plan [Dkt. No. 19] which specifically provided for the exact amount of the pre-petition arrearage claim of U.S. Bank, N.A. ($16,726.96) as asserted in the Objection to Confirmation.

As such, it is kindly requested that U.S. Bank, N.A. promptly withdraw the Objection to Confirmation [Dkt. No. 17], so that Debtor's First Amended Chapter 13 Plan [Dkt. No. 19] can proceed to confirmation without any further delay or expense."

(See Meyer Dec., ¶ 11, Exhibit 2.)  (The "November 11th Email.")

Within 31 minutes after receiving the November 11th Email, and without any opposition or resistance, the PHH Defendants filed a *Notice of Withdrawal* of its Objection to Confirmation.  (See Meyer Dec., ¶ 32; see also RJN, Exhibit 8.)

However, despite the tacit admission that its Objection to Confirmation was non-meritorious, on January 28, 2020, Defendants nevertheless filed a *Notice of Postpetition Mortgage Fees, Expenses, and Charges (Official Form 410S2)* ("Notice for Fees") seeking recovery of $500 from Plaintiff for filing the Objection to Confirmation.  (See Meyer Dec., ¶ 13; see also RJN, Exhibit 9.)

On February 17, 2020, Plaintiff was forced to incur attorneys' fees and file a *Motion to Determine Allowance of Fees, Expenses, and Charges Pursuant to Federal Rule of Bankruptcy Procedure § 3002.1(e)* (the "FRBP 3002.1(e) Motion").  (See Meyer Dec., ¶ 14; see also RJN, Exhibit 10.)

Remarkably, Defendants did not file any opposition to the relief requested in the FRBP 3002.1(e) Motion and did not even appear at the hearing, presumably because their collective actions are indefensible and frivolous.  (See Meyer Dec., ¶ 15.)  At the hearing, the Honorable Roger L. Efremsky of the United States Bankruptcy Court granted the FRBP 3002.1(e) Motion in its entirety, disallowed all fees ($500) requested by Defendants for filing the non-meritorious Objection to Confirmation, and awarded Plaintiff her reasonable attorneys' fees and costs for prosecuting the FRBP 3002.1(e) Motion as the "prevailing party" pursuant to California Civil Code § 1717(a) (the "FRBP 3002.1(e) Order").  (See Meyer Dec., ¶ 16; RJN, Exhibit 11.)

As of the date of this Motion, the FRBP 3002.1(e) Order is a final order, Defendants did not

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE (714) 241-4444
WWW.CALLAHAN-LAW.COM

1   file a timely notice of appeal of the FRBP 3002.1(e) Order, and Defendants have not remitted

2   payment to Plaintiff for those attorneys' fees and costs as required by Paragraphs 5-6 of the FRBP

3   3002.1(e) Order.  (See Meyer Dec., ¶ 17; RJN Exhibit 11.)

4       **4.      Summary of Defendants' Unlawful Scheme in the Bankruptcy Court**

5       The above is an example of a clear pattern and practice of the Law Firm Defendants

6   invoicing the PHH Defendants for attorneys' fees relating to filing non-meritorious Objections to

7   Confirmation (RJN, Exhibit 9, pg. 5), the PHH Defendants paying those invoices in full, and the

8   Law Firm Defendants assisting the PHH Defendants in seeking to recover these attorneys' fees from

9   unsuspecting borrowers (including Plaintiff) as recoverable under the applicable loan documents.

10  (RJN, Exhibit 9).  Under this Scheme, the Law Firm Defendants use a standard-form boilerplate

11  Objection to Confirmation, that is non-meritorious, in order to generate additional attorneys' fees of

12  at least Five Hundred Dollars ($500) per case, and the PHH Defendants authorize and/or ratify this

13  unlawful conduct because the PHH Defendants ultimately add those attorneys' fees to the loan

14  balance for unsuspecting Class Members.  (See RJN, Exhibits 6-11.)  Plaintiff contends that

15  Defendants have engaged in the Scheme in hundreds, if not thousands, of bankruptcy cases

16  throughout California.

17      In this Motion, Plaintiff seeks to enjoin Defendants from filing frivolous objections, similar

18  to the Objection to Confirmation, in all cases filed under Title 11, Chapter 13 of the United States

19  Code in California until there is a final adjudication on the merits of this issue.

20      **B.      Unlawful Business Practices of Unauthorized Practice of Law in California**

21      As set forth in detail *infra*, California law requires a corporate entity to, among other things,

22  file an application with the California State Bar and obtain a Certificate of Registration ***prior to***

23  ***practicing law in the State of California***.   (*See* Section III.B.2, *infra*.)   It is undisputed that

24  Defendants Robertson, Anschutz, & Schneid, P.L. ("RAS Law"); Defendant Robertson, Anschutz,

25  Schneid & Crane LLC ("RASC Law"); Defendant RAS Crane, LLC ("RAS Crane"); Defendant

26  RAS Boriskin, LLC ("RAS Boriskin"); and Defendant RAS Citron, LLC ("RAS Citron"): (1) are

27  entities formed under the laws of Florida and New Jersey; (2) are not duly registered to do transact

28  business in California as foreign entities with the California Secretary of State; (3) are not duly

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 7 -

1   organized "law corporations" as required by California law; (4) have not registered with the State

2   Bar of California; and (5) have not received a certificate of registration from the State Bar of

3   California to practice law in the State of California.  (RJN, Exhibits 12-24; <u>see also</u> Meyer Dec., ¶¶

4   19-25.)   As such, the Law Firm Defendants, by their blatant unauthorized practice of law in

5   California, have engaged in unfair business practices in violation of California Business and

6   Professions Code §§ 17200 *et seq*.

7   **III.    LEGAL ARGUMENT**

8      **A.    Summary of Motion for Issuance of Preliminary Injunction**

9      This Motion seeks an order (1) enjoining the PHH Defendants and the Law Firm Defendants

10  from engaging in their Scheme of filing frivolous Objections to Confirmation and adding attorneys'

11  fees to the loan balance of the borrower; (2) enjoining the Law Firm Defendants from practicing

12  law in California until they have complied with all applicable laws and obtain a certificate of

13  registration from the State Bar of California to practice law as a law corporation in the State of

14  California; and (3) enjoining all attorneys employed by the Law Firm Defendants, whom are not

15  licensed to practice law in California, from filing pleadings on behalf of clients (including the PHH

16  Defendants) in each United States Bankruptcy Court in California until the attorney has been

17  admitted to practice law in California and in the specific United States District Court where the

18  United States Bankruptcy Court is located.

19     Injunctive relief is appropriate where the plaintiff establishes: (1) it is likely to succeed on

20  the merits of its claims; (2) it will likely suffer irreparable harm in the absence of injunctive relief;

21  (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest.  <u>See</u> <u>Winter</u>

22  <u>v. Natural Res. Def. Council</u>, 555 U.S. 7, 20 (2008).  As set forth in detail below, each of these four

23  elements are easily satisfied in this matter.   In addition, Plaintiff also moves for an injunction

24  pursuant to California Business & Professions Code § 17203 which specifically provides that a

25  defendant who has engaged in unfair competition can be enjoined and restrained from future

26  violations.

27     **B.    Plaintiff's Claims Are Likely to Succeed on the Merits**

28     To show "likelihood of success on the merits," a plaintiff need not show with absolute

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 8 -

1   certainty that he will prevail.  See Drakes Bay Oyster Co. v. Jewell, 729 F.3d 967, 979 (9th Cir.

2   2013).  Rather, a reasonable probability of success, not an overwhelming likelihood, is all the law

3   requires.  See Gilder v. PGA Tour, Inc., 936 F.2d 417, 422 (9th Cir. 1991) (stating likelihood of

4   success does not require showing success is "more likely than not").

5          Here, there are three separate claims that Plaintiff will succeed on: (1) Defendants' Unlawful

6   Scheme; (2) the Law Firm Defendants' Unauthorized Practice of Law in California; and (3) Non-

7   California Attorneys Employed by the Law Firm Defendants Engaging in the Unauthorized Practice

8   of Law in California.  As set forth below infra, Plaintiff can unequivocally establish success on the

9   merits of each of these three claims.

10          **1.      Defendants' Unlawful Scheme Unequivocally Violates California**

11                 **Business & Professions Code §§ 17200 et seq.**

12          Plaintiff contends that the Defendants' Scheme is in violation of California law and,

13   therefore, violates all three prongs of California Business and Professions Code § 17200. Defendants

14   have no defense or legitimate justification for their unlawful business practice.

15          California Unfair Competition Law ("UCL") prohibits "unfair competition," which is

16   defined by California Business and Professions Code § 17200 as including "any unlawful, unfair or

17   fraudulent business act or practice."   As the California Supreme Court has noted, the UCL's

18   "purpose is to protect both consumers and competitors by promoting fair competition in commercial

19   markets for goods and services."   Kasky v. Nike Inc., 27 Cal.4th 939, 949 (2002). The UCL is

20   broadly worded, leading the California Supreme Court to observe that the UCL "was intentionally

21   framed in its broad, sweeping language, precisely to enable judicial tribunals to deal with the

22   innumerable new schemes which the fertility of man's invention would contrive." Barquis v. Merch.

23   Collection Ass'n,, 7 Cal.3d 94, 112 (1972) (citations and internal quotation marks omitted).  The

24   UCL contains no express intent, knowledge, or negligence requirement, and therefore has been

25   construed as "impos[ing] strict liability."   Searle v. Wyndham Int'l, Inc., 102 Cal. App. 4th 1327,

26   1333 (2002).

27          "Because [California] Business and Professions Code Section 17200 is written in the

28   disjunctive, it establishes three varieties of unfair competition - acts or practices which are unlawful,

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 9 -

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1    or unfair, or fraudulent." Podolsky v. First Healthcare Corp., 50 Cal. App. 4th 632, 647 (1996).

2        First, the unlawful prong of Section 17200 proscribes "anything that can properly be called

3    a business practice and that at the same time is forbidden by law." People v. McKale, 25 Cal.3d

4    626, 632 (1979); see also Podolsky, 50 Cal.App.4th at 647 ("Virtually any state, federal or local law

5    can serve as the predicate for an action under Business and Professions Code section 17200.");

6    Saunders v. Sup. Court, 27 Cal.App.4th 832, 838-39 (1994) ("The 'unlawful' practices prohibited

7    by section 17200 are any practices forbidden by law, be it civil or criminal, federal, state, or

8    municipal, statutory, regulatory, or court-made.").

9        Second, the unfair prong of Section 17200 "provides an independent basis for relief"; in

10   other words, "[i]t is not necessary for a business practice to be 'unlawful' in order to be subject to

11   an action under the unfair competition law." Smith v. State Farm Mut. Auto. Ins. Co., 93

12   Cal.App.4th 700, 718 (2001). "In general the 'unfairness' prong 'has been used to enjoin deceptive

13   or sharp practices." South Bay Chevrolet v. Gen. Motors Acceptance Corp., 72 Cal.App.4th 861,

14   887 (1999) (citations omitted).

15       The courts of the State of California have adopted several tests for determining whether a

16   business act or practice is unfair: a business practice is unfair "when that practice 'offends an

17   established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or

18   substantially injurious.'" State Farm Fire & Casualty Co. v. Sup. Court, 45 Cal.App.4th 1093, 1102

19   (1996) (quoting People v. Casa Blanca Convalescent Homes, Inc., 159 Cal.App.3d 509, 530 (1984)).

20   Another "test of whether a business practice is unfair involves an examination of [that practice's]

21   impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged

22   wrongdoer.  In brief, the court must weigh the utility of the defendant's conduct against the gravity

23   of the harm to the alleged victim." State Farm Fire & Casualty Co., 45 Cal.App.4th at 1103-04.  It

24   also is an unfair business practice when the defendant's conduct "threatens an incipient violation of

25   [a law], or violates the policy or spirit of [a law] because its effects are comparable to or the same

26   as a violation of the law, or otherwise significantly threatens or harms competition." Cel-Tech

27   Commc'n, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal.4th 163, 187 (1999); see also Scripps Clinic

28   v. Sup. Court, 108 Cal.App.4th 917, 940 (2003).

Recently, one Court of Appeal has fashioned a test for determining whether a practice is unfair based upon Section 5 of the Federal Trade Commission Act (United States Code, Title 15, §§ 41 *et seq*.).  Under this test, "[a]n act or practice is unfair if [a] the consumer injury is substantial, [b] is not outweighed by any countervailing benefits to consumers or to competition, and [c] is not an injury the consumers themselves could reasonably have avoided."  <u>Daugherty v. Am. Honda Motor Co., Inc.</u>, 144 Cal.App.4th 824, 839 (2006) (bracketed letters added).

Third, the fraudulent prong of Section 17200 "affords protection against the probability or likelihood as well as the actuality of deception or confusion."  <u>Payne v. United Cal. Bank</u>, 23 Cal.App.3d 850, 856 (1972).  "The test is whether the public is likely to be deceived."  <u>South Bay Chevrolet</u>, 72 Cal.App.4th at 888.

Defendants' Scheme violates all three prongs of the UCL.  Specifically, on September 30, 2019, Plaintiff filed her Bankruptcy Petition and Chapter 13 Plan for Reorganization.  (RJN, Exhibits 5-6.)  On October 21, 2019, Defendants, in furtherance of their Scheme, filed their Objection to Confirmation in violation of § 3.02 of the standard-form Chapter 13 Plan for the Northern District of California. (<u>Compare</u> RJN Exhibit 1 <u>with</u> RJN Exhibit 7.)  Specifically, § 3.02 of the standard-form Chapter 13 Plan for the Northern District of California provides that "***[t]he proof of claim***, not this plan or the schedules, ***shall determine the amount and classification of a claim*** unless the court's disposition of a claim objection, valuation motion, adversary proceeding, confirmed plan, or lien avoidance motion affects the amount or classification of the claim, consistent with section 1.03."[3]  (RJN, Exhibit 1.)

On November 11, 2019, counsel for Plaintiff sent counsel for Defendants an email setting forth the frivolity of the Objection to Confirmation and requesting that it be withdrawn. (Meyer Dec., ¶ 11, Exhibit 32.)  In response, Defendants immediately filed a *Notice of Withdrawal* of its Objection to Confirmation.  (Meyer Dec., ¶ 12; RJN Exhibit 8.)  Notwithstanding, on January 28, 2020, and in furtherance of their Scheme, Defendants filed the Notice of Fees seeking recovery of $500 from Plaintiff for filing the frivolous Objection to Confirmation.  (<u>See</u> Meyer Dec., ¶ 13; <u>see</u>

---

[3] Emphasis added throughout this memorandum of points and authorities is the author's and does not appear in the quoted text unless otherwise specified.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1   <u>also</u> RJN, Exhibit 9.)  As a result, Plaintiff was forced to file the FRBP 3002.1(e) Motion seeking

2   disallowance of Defendants' request for $500 in attorneys' fees.  (<u>See</u> Meyer Dec., ¶ 14; <u>see also</u>

3   RJN, Exhibit 10.)  Defendants did not file any opposition to the relief requested in the FRBP

4   3002.1(e) Motion and did not even appear at the hearing on the FRBP 3002.1(e) Motion.  (<u>See</u>

5   Meyer Dec., ¶15.)

6      On April 2, 2020, the Honorable Roger L. Efremsky of the United States Bankruptcy Court

7   issued the FRBP 3002.1(e) Order, which specifically disavowed the Defendants' Scheme, denied

8   recovery of all attorneys' fees requested by the Defendants for filing the frivolous Objection to

9   Confirmation, found that Plaintiff was the "prevailing party" for purposes of California Civil Code

10  § 1717(a), and awarded Plaintiff attorneys' fees and costs for defending against the non-meritorious

11  litigation.  (<u>See</u> Meyer Dec., ¶ 16; RJN, Exhibit 11.)

12     As set forth above, the FRBP 3002.1(e) Order is a final adjudication on the merits and

13  principals of *res judicata* and collateral estoppel preclude Defendants from attempting to re-litigate

14  the legitimacy of their Scheme of filing a frivolous Objection to Confirmation and Notice for Fees

15  seeking to add $500 to the balance of Plaintiff's loan.  <u>See</u> <u>Allen v. McCurry</u>, 449 U.S. 90, 94-95

16  (1980).  Further, even if Defendants are not precluded from re-litigating this issue, they cannot

17  provide this Court with any legitimate justification for their Scheme of filing the Objection to

18  Confirmation and the Notice for Fees seeking to add $500 to the balance of Plaintiff's loan, in

19  violation of well-established bankruptcy laws and procedures, a practice which is regularly

20  admonished by the United States Bankruptcy Court.  Based on the foregoing, Plaintiffs can easily

21  establish a probability of success on the merits in support of their claim that Defendants' Scheme

22  violates California Business & Professions Code §§ 17200 *et seq*.

23                 **2.    <u>Law Firm Defendants' Unauthorized Practice of Law</u>**

24     Plaintiff contends that the Law Firm Defendants are foreign entities, not registered with the

25  California Secretary of State to transact business in California, not registered with the California

26  State Bar to practice law in the State of California, and have not obtained a Certificate of Registration

27  from the State Bar of California to practice law in California as a law corporation.  As such, the Law

28  Firm Defendants have violated numerous California laws and have engaged in unfair business

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 12 -

1   practices and must be enjoined from continuing to practice law in California until they comply.

2   Specifically, California Corporations Code § 17701.04(e) provides, in pertinent part:

3   "Nothing in this title shall be construed to permit a domestic or foreign limited liability
4   company to render professional services, as defined in subdivision (a) of Section 13401 and
    in Section 13401.3, in this state."

5
6   California Corporations Code § 13401(a) provides, in pertinent part:

7   "'Professional services' means any type of professional services that may be lawfully
    rendered only pursuant to a license, certification, or registration authorized by the *Business
8   and Professions Code…*"

9   California Corporations Code § 13404 provides, in pertinent part:

10  "[N]o professional corporation shall render professional services in this state without a
11  currently effective certificate of registration issued by the governmental agency regulating
    the profession in which such corporation is or proposes to be engaged, pursuant to the
12  applicable provisions of the Business and Professions Code"

13  California Business & Professions Code § 6125 provides, in pertinent part:

14  "No person shall practice law in California unless the person is an active licensee of the
15  State Bar."

16  California Business & Professions Code § 6127.5 provides, in pertinent part:

17  "Nothing in Sections 6125, 6126 and 6127 shall be deemed to apply to the acts and practices
    of a law corporation duly certificated pursuant to the Professional Corporation Act, as
18  contained in Part 4 (commencing with Section 13400) of Division 3 of Title 1 of the
    Corporations Code, and pursuant to Article 10 (commencing with Section 6160) of Chapter
19  4 of Division 3 of this code, when the law corporation is in compliance with the
    requirements of (a) the Professional Corporation Act; (b) Article 10 (commencing with
20  Section 6160) of Chapter 4 of Division 3 of this code; and (c) all other statutes and all rules
21  and regulations now or hereafter enacted or adopted pertaining to such corporation and the
    conduct of its affairs."

22
23  California Business & Profession Code § 6160 provides, in pertinent part:

24  "A law corporation *is a corporation which is registered with the State Bar of California
    and has a currently effective certificate of registration from the State Bar* pursuant to the
25  Professional Corporation Act, as contained in Part 4 (commencing with Section 13400) of
    Division 3 of Title 1 of the Corporations Code , and this article."

26
27  Based on the foregoing, every law corporation must apply to the State Bar of California for

28  a certificate of registration, which must be renewed annually.  (Cal. Bus. & Prof. Code §§ 6161,

- 13 -

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

6161.1).  Without such a certificate, *a corporation is not entitled to practice law*.  (Cal. Bus. & Prof. Code; Cal. Corp. Code, § 13404).  To obtain a certificate, a law corporation must, among other things, submit an application, pay a fee, and provide proof of security for malpractice claims by clients.  (Cal. State Bar Rule 3.152).

Further, California State Bar Law Corporation Rule 3.150(A) unequivocally provides that "[t]o practice law in California, a corporation must be certified by the California Secretary of State and Registered with the California State Bar."  Registered law corporations are required to report changes of personnel to the State Bar.  (Cal. Bus. & Prof. Code § 6162.)  Registered law corporations also must file annual reports with the State Bar.  Failure to file an annual report, or to renew the certificate of registration, or to pay the registration fee, *will result in suspension of a corporation's certificate*.  (Cal. Bus. & Prof. Code § 6163).

Before passage of the California Professional Corporation Act in 1968, corporations were deemed unlicensed persons and were forbidden to practice law.  See People v. Merch. Protective Corp., 189 Cal. 531, 538 (1922) *overruled*; Masters v. Board of Dental Exam'r, 15 Cal.App.2d 506, 508 (1936) *overruled*; 1 Witkin, CAL. PROCEDURE (4th ed. 1996) Attorneys, § 401, pp. 492–93 and § 49, p. 80.  However, Business and Professions Code § 6127.5, one of the provisions enacted by the Professional Corporation Act, exempts "duly certificated" law corporations from the statutory penalties against the unauthorized practice of law.  See Cal. Bus. & Prof. Code § 6127.5.  Without certification, a corporation offering legal services is committing a misdemeanor under Business & Professions Code § 6126 and contempt of court under Business & Professions Code § 6127.

Further, and equally important, failure to register as a law corporation evades the financial responsibility requirements of the law corporation rules and the oversight of the State Bar of California, and in particular, the provisions intended to ensure that all directors, officers, and shareholders are licensed attorneys.  See Cal. Bus. & Prof. Code §§ 6161, 6162; California State Bar Rules 3.150 *et seq*.  Like an unlicensed attorney, an unregistered corporation is engaged in the unauthorized practice of law.  See Cappiello, Hofmann & Katz v. Boyle, 105 Cal.Rptr.2d. 147, 151-52 (2001) (ordered not published).  In addition, failure to register as a foreign entity with the California Secretary of State allows the entity to evade the filing of income tax returns in the State

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1  of California and payment of applicable taxes to the Franchise Tax Board for professional fees

2  earned and derived from the practice of law in California.

3       As set forth in detail below, the Law Firm Defendants are engaged in the practice of law in

4  California without complying with all statutory requirements, including, but not limited to,

5  registering with the California Secretary of State and obtaining a Certificate of Registration from

6  the State Bar of California.  As such, they are engaged in unfair business practices in violation of

7  California law, including Business & Profession Code § 17200.

8           **a.      Defendant RAS Law's Unfair Business Practices**

9       Defendant RAS Law is a Florida professional limited liability company formed under the

10  laws of the State of Florida, with its principal address as 6409 Congress Avenue, Suite 100, Boca

11  Raton, Florida 33487.  (RJN, Exhibit 12; Meyer Dec., ¶ 19.)  Defendant RAS Law has not duly

12  registered with the California Secretary of State to transact business as a foreign entity in the State

13  of California.  (RJN, Exhibit 13.)  Defendant RAS Law has not duly registered as a law corporation

14  with the State Bar of California to practice law in the State of California.  (Meyer Dec., ¶ 24.)

15  Defendant RAS Law has not obtained a *Certificate of Registration* from the State Bar of California

16  pursuant to the California Professional Corporation Act to practice law as a law corporation in the

17  State of California.  (Meyer Dec., ¶ 24.)

18       Notwithstanding the foregoing, Defendant RAS Law systematically and continuously

19  practices law in the State of California, and in particular, in each District in California of the United

20  States Bankruptcy Court on behalf of clients such as the PHH Defendants in violation of California

21  law, including, but not limited to, California Corporations Code § 17701.04(e) and California

22  Business & Professions Code §§ 6125 and 6127.5.

23       For example, below is the caption of a pleading (RJN, Exhibit 22) filed by Defendant RAS

24  Law identifying itself as a professional limited liability company practicing law in the United States

25  Bankruptcy Court, Northern District of California, Oakland Division:

26  ///

27  ///

28  ///

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

Sean C. Ferry (SBN 310347)
sferry@rasflaw.com
**ROBERTSON, ANSCHUTZ & SCHNEID, PL**
7676 Hazard Center Drive, Suite 500
San Diego, CA 92108
Telephone: (561) 241-6901 ext. 2036

Attorney for Champion Mortgage Company(Nationstar Mortgage LLC, DBA)

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION**

| | |
|---|---|
| IN RE: | **CASE NO.: 19-41900** |
| | **CHAPTER 13** |
| Hattie Pearl Lewis, | **D.C. No. RAS - 1** |

### b.    Defendant RASC Law's Unfair Business Practices

Defendant RASC Law is a Florida limited liability company formed under the laws of the State of Florida, with its principal address as 6409 Congress Avenue, Suite 100, Boca Raton, Florida 33487. (RJN, Exhibit 14; Meyer Dec., ¶ 20.)  Defendant RASC Law has not duly registered with the California Secretary of State to transact business as a foreign entity in the State of California.  (RJN, Exhibit 15.)  Defendant RASC Law has not duly registered as a law corporation with the State Bar of California to practice law in the State of California. (Meyer Dec., ¶ 24.) Defendant RASC Law has not obtained a *Certificate of Registration* from the State Bar of California pursuant to the California Professional Corporation Act to practice law as a law corporation in the State of California. (Meyer Dec., ¶ 24.)

Notwithstanding the foregoing, Defendant RASC Law systematically and continuously practices law in the State of California, and in particular, in each District in California of the United States Bankruptcy Court on behalf of clients such as the PHH Defendants in violation of California law, including, but not limited to, California Corporations Code § 17701.04(e) and California Business & Professions Code §§ 6125, 6127.5.  For example, below is the caption of a pleading (RJN, Exhibit 23) filed by Defendant RASC Law identifying itself as a limited liability company practicing law in the United States Bankruptcy Court, Central District of California:



CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

### c.   Defendant RAS Crane's Unfair Business Practices

Defendant RAS Crane is a Florida limited liability company formed under the laws of the State of Florida, with its principal address as 6409 Congress Avenue, Suite 100, Boca Raton, Florida 33487. (RJN, Exhibit 16; Meyer Dec., ¶ 21.)  Defendant RAS Crane has not duly registered with the California Secretary of State to transact business as a foreign entity in the State of California. (RJN, Exhibit 17.)  Defendant RAS Crane has not duly registered as a law corporation with the State Bar of California to practice law in the State of California. (Meyer Dec., ¶ 24.)  Defendant RAS Crane has not obtained a *Certificate of Registration* from the State Bar of California pursuant to the California Professional Corporation Act to practice law as a law corporation in the State of California. (Meyer Dec., ¶ 24.)

Notwithstanding the foregoing, Defendant RAS Crane systematically and continuously practices law in the State of California, and in particular, in each District in California of the United States Bankruptcy Court on behalf of clients such as the PHH Defendants in violation of California law, including, but not limited to, California Corporations Code § 17701.04(e) and California Business & Professions Code §§ 6125 and 6127.5.

For example, Exhibit 24 contains a signature block of a pleading filed by Defendant RAS Crane identifying itself as a limited liability company practicing law in California in the United States Bankruptcy Court, Central District of California.  (RJN, Exhibit 24)

### d.   Defendant RAS Boriskin's Unfair Business Practices

Defendant RAS Boriskin is a Florida limited liability company formed under the laws of the State of Florida, with its principal address as 6409 Congress Avenue, Suite 100, Boca Raton, Florida 33487. (RJN, Exhibit 18; Meyer Dec., ¶ 22.)  Defendant RAS Boriskin has not duly registered with the California Secretary of State to transact business as a foreign entity in the State of California. (RJN, Exhibit 19.)  Defendant RAS Boriskin has not duly registered as a law corporation with the State Bar of California to practice law in the State of California.  (Meyer Dec., ¶ 24.)  Defendant RAS Boriskin has not obtained a *Certificate of Registration* from the State Bar of California pursuant to the California Professional Corporation Act to practice law as a law corporation in the State of California.  (Meyer Dec., ¶ 24.)

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1    Notwithstanding the foregoing, Defendant RAS Boriskin systematically and continuously

2    practices law in the State of California, and in particular, in each District in California of the United

3    States Bankruptcy Court on behalf of clients such as the PHH Defendants in violation of California

4    law, including, but not limited to, California Corporations Code § 17701.04(e) and California

5    Business & Professions Code §§ 6125 and 6127.5.

6            **e.      Defendant RAS Citron's Unfair Business Practices**

7            Defendant RAS Citron is a New Jersey limited liability company formed under the laws of

8    the State of New Jersey.  (RJN, Exhibit 20; Meyer Dec., ¶ 23.)  Defendant RAS Citron has not duly

9    registered with the California Secretary of State to transact business in the State of California. (RJN,

10   Exhibit 21.)  Defendant RAS Citron has not duly registered with the California Secretary of State

11   to transact business as a foreign entity in the State of California.  (RJN, Exhibit 13.)  Defendant RAS

12   Citron has not duly registered as a law corporation with the State Bar of California to practice law

13   in the State of California.  (Meyer Dec., ¶ 24.)  Defendant RAS Citron has not obtained a *Certificate*

14   *of Registration* from the State Bar of California pursuant to the California Professional Corporation

15   Act to practice law as a law corporation in the State of California.  (Meyer Dec., ¶ 24.)

16           Notwithstanding the foregoing, Defendant RAS Citron systematically and continuously

17   practices law in the State of California, and in particular, in each District in California of the United

18   States Bankruptcy Court on behalf of clients such as the PHH Defendants in violation of California

19   law, including, but not limited to, California Corporations Code § 17701.04(e) and California

20   Business & Professions Code §§ 6125 and 6127.5.

21           **3.      Unauthorized Practice of Law By Non-California Attorneys**

22           Plaintiff contends that the Law Firm Defendants have authorized certain employees, who

23   are attorneys not duly authorized to practice law in California, to file pleadings on behalf of clients

24   (including the PHH Defendants) and practice law in each of the United States Bankruptcy Courts

25   located in California.  As such, the Law Firm Defendants have violated numerous California laws

26   and have engaged in unfair business practices and must be enjoined from continuing to practice law

27   in California until they comply.

28           Specifically, California Business & Professions Code § 6125 provides that "[n]o person shall

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 18 -

practice law in California unless the person is an active licensee of the State Bar."   Further, "[a]lthough the Act did not define the term 'practice law,' case law explained it as 'the doing and performing services in a court of justice in any matter depending therein throughout its various stages and in conformity with the adopted rules of procedure.'"   Birbrower, Montalbano, Condon & Frank v. Sup. Court, 17 Cal.4th 119, 128 (1998) (citations omitted).   Even a single incident of "practicing law" in California violates Business & Professions Code § 6125.   See People v. Ring, 70 P.2d 281, 284 (1937).

### a.     Unauthorized Practice of Law in Southern District of California

Erin Elam apparently is an attorney licensed to practice law in the State of Georgia, but Ms. Elam is not admitted to practice law in the State of California.  (RJN, Exhibit 26; Meyer Dec., ¶ 26.) Nevertheless, at the request and direction of her employer, Ms. Elam has filed pleadings on behalf of RAS Law, and below as an example is a *Notice of Withdrawal* (RJN, Exhibit 25) that was executed and filed by attorney Erin Elam in the United States Bankruptcy Court, Southern District of California.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**
**SAN DIEGO DIVISION**

| IN RE: | CASE NO.: 14-06974-CL13 |
|---|---|
| **Homer Martinez Palomino,** | CHAPTER 13 |
| Debtor. | |
| | |
| **Elena Vizcarra Palomino,** | |
| Joint Debtor. | |
| _____/ | |

**NOTICE OF WITHDRAWAL**

**PLEASE TAKE NOTICE THAT,** on behalf of U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST ("Secured Creditor"), the undersigned hereby withdraws the following document:

**DE 50, Notice of Postpetition Mortgage Fees, Expenses, and Charges filed 8/15/2019.**

ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
Attorney for Secured Creditor
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: 561-241-6901
Facsimile: 561-241-1969

By: /s/ Erin Elam
    Erin Elam, Esquire
    Email: eelam@rascrane.com

Bankruptcy Local Rule 9010-1 for the United States Bankruptcy Court, Southern District of California provides that "FRBP 9010 and Local District Court Rule 83.3 govern the appearance of attorneys in bankruptcy cases and Actions."   Civil Local Rule 83.3(b) for the United States District Court, Southern District of California provides that "[o]nly a member of the bar of this court may

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

enter appearances for a party, sign stipulations or receive payment or enter satisfaction of judgment, decree or order."

Here, on or about August 21, 2018, Ms. Elam made an appearance in the case <u>In re Homer Martinez Palomino and Elena Vizcarra Palomino</u>, BK Case No. 14-06974-CL in the United States Bankruptcy Court, Southern District of California, San Diego Division as the "Attorney for Secured Creditor" on behalf of U.S. Bank, N.A. and filed the *Notice of Withdrawal* in violation of California Business & Professions Code § 6125, Bankruptcy Local Rule 9010-1, and Civil Local Rule 83.3. (RJN, Exhibit 25)

### b. Unauthorized Practice of Law in Eastern District of California

Can Guner apparently is an attorney licensed to practice law in the State of Florida, but Mr. Guner is not admitted to practice law in the State of California.  (RJN, Exhibit 28; Meyer Dec., ¶ 27.)  Nevertheless, at the request and direction of his employer, Mr. Guner has filed pleadings on behalf of RAS Law, and below as an example is a *Request for Service of Notices* (RJN, Exhibit 27) that was executed and filed by attorney Can Guner in the United States Bankruptcy Court, Eastern District of California.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

IN RE:                                                CASE NO.: 18-20785
                                                        CHAPTER 13
Arthur William Lund,

      Debtor.
_____/

REQUEST FOR SERVICE OF NOTICES

PLEASE TAKE NOTICE THAT, on behalf of REVERSE MORTGAGE SOLUTIONS, INC. ("Secured Creditor"), and pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure, the undersigned requests all notices given or required to be given and all papers required to be served in this case to creditors, any creditors committees, and any other parties-in-interest, be sent to and served upon the undersigned counsel and the following be added to the Court's Master Mailing List:

ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
BANKRUPTCY DEPARTMENT
6409 CONGRESS AVE., SUITE 100
BOCA RATON, FL 33487

Robertson, Anschutz & Schneid, P.L.
Authorized Agent for Secured Creditor
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: 561-241-6901
Facsimile: 561-997-6909
By: /s/Can Guner
Can Guner, Esquire
Email: cguner@raslaw.com

Bankruptcy Local Rule 2017-1(b)(1) for the United States Bankruptcy Court, Eastern District of California provides that "no attorney may participate in any action unless the attorney has appeared as an attorney of record."

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

Bankruptcy Local Rule 2017-1(b)(2)(A) for the United States Bankruptcy Court, Eastern District of California provides that "[a]ppearance as an attorney of record is made: By signing and filing an initial document."

Here, on or about February 21, 2018, Mr. Guner made an appearance in the case In re Arthur William Lund, BK Case No. 18-20785 in the United States Bankruptcy Court, Eastern District of California, Sacramento Division as the "Authorized Agent for Secured Creditor" on behalf of Reverse Mortgage Solutions, Inc., and filed the *Request for Services of Notices* in violation of California Business & Professions Code § 6125 and Bankruptcy Local Rules 2017-1(b)(1), 2017-1(b)(2)(A) (RJN, Exhibit 27).

**c.    Unauthorized Practice of Law in Central District of California**

Madison Wilson apparently is an attorney licensed to practice law in the State of Florida, but Ms. Wilson is not admitted to practice law in the State of California.  (RJN, Exhibit 30; Meyer Dec., ¶ 28.)   Nevertheless, at the request and direction of her employer, Ms. Wilson has filed pleadings on behalf of RAS Law, and the *Notice of Withdrawal* (RJN, Exhibit 29) that was executed and filed by attorney Madison Wilson in the United States Bankruptcy Court, Central District of California is an example of this unauthorized practice of law.

Bankruptcy Local Rule 2090-1(a)(1) for the United States Bankruptcy Court, Central District of California provides in relevant part that "[a]n attorney admitted to practice before the district court may practice before the bankruptcy court.  An attorney who is not admitted to the bar of, or permitted to practice before, the district court may not appear before the court on behalf of a person or entity, except as provided by this rule."

Bankruptcy Local Rule 2090-1(d)(1) for the United States Bankruptcy Court, Central District of California provides in relevant part that "[a] professional law corporation or unincorporated law firm (collectively, "law firm") may not make an appearance on behalf of a party nor may pleadings or other documents be signed in the name of the law firm except by an attorney admitted to the bar of or permitted to practice before the court.  This rule does not apply to appearances by the attorney on behalf of the attorney or on behalf of the attorney's law firm."

Bankruptcy Local Rule 9011-2(a) for the United States Bankruptcy Court, Central District

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 21 -

of California provides that "[a] corporation, a partnership including a limited liability partnership, a limited liability company, or any other unincorporated association, or a trust may not file a petition or otherwise appear without counsel in any case or proceeding, except that it may file a proof of claim, file or appear in support of an application for professional compensation, or file a reaffirmation agreement, if signed by an authorized representative of the entity."

Here, on or about June 1, 2018, Ms. Wilson made an appearance in the case <u>In re Alverna Stanley</u>, BK Case No. 16-21633-WB in the United States Bankruptcy Court, Central District of California, Los Angeles Division as the "Attorney for Secured Creditor" on behalf of Wilmington Savings Fund Society, FSB and filed the *Notice of Withdrawal* in violation of California Business & Professions Code § 6125 and Bankruptcy Local Rules 2090-1(a)(1), 2090-1(d)(1), 9011-2(a) (RJN, Exhibit 29).

**C.      Plaintiff and Other Similarly Situated Class Members Will Suffer Irreparable Harm Absent Injunctive Relief**

The legal standard for injunctive relief requires that a plaintiff "demonstrate that irreparable injury is likely in the absence of an injunction."  <u>Natural Res. Def. Council</u>, 555 U.S. at 8.  It is well settled that "[t]he District Court and the Ninth Circuit also held that ***when a plaintiff demonstrates a strong likelihood of prevailing on the merits, a preliminary injunction may be entered based only on a "possibility" of irreparable harm***."  <u>Id</u>. at 20 (emphasis added).

Here, Plaintiff has demonstrated a strong likelihood of prevailing on the merits, and, therefore, a lower burden of "irreparable harm" is required for this Court to grant the preliminary injunction. (<u>See</u> Section III., B, *supra*.)  In the present action, there is a strong possibility of irreparable harm if the Law Firm Defendants are allowed to continue to represent the PHH Defendants throughout California because: (1) the Law Firm Defendants are not duly licensed as a law corporation to practice law in California; (2) the Law Firm Defendants regularly utilize attorneys not licensed to practice law in California to file pleadings on behalf of clients (including the PHH Defendants) and practice law in the State of California; and (3) the Defendants have an established Scheme of churning fees against debtors that are not recoverable under the applicable loan documents, California law, or the United States Bankruptcy Code.  As such, since Plaintiff and

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1  members of the Classes have suffered, and will continue to suffer, imminent harm by the

2  Defendants' actions, this Court should find that injunctive relief is appropriate.

3       **D.        The Balance of Equities Tips Sharply in Plaintiff's Favor**

4       A plaintiff seeking injunctive relief must establish that the balance of equities tips in its

5  favor.  See Natural Res. Def. Council, 555 U.S. at 20.  "A court balancing the equities will look to

6  the possible harm that could befall the various parties."  Maxim Integrated Prods, Inc. v. Quintana,

7  654 F. Supp. 2d 1024, 1036 (N.D. Cal. 2009).

8       In this matter, an injunction preventing the Law Firm Defendants from practicing law in

9  California until they have: (1) duly registered with the California Secretary of State as a foreign

10  entity; (2) duly registered with the State Bar of California as a law corporation; and (3) obtained a

11  *Certificate of Registration* from the State Bar of California to practice law in the State of California

12  will not cause any harm to the Law Firm Defendants because these law firms are expressly

13  prohibited from representing clients (including the PHH Defendants) and practicing law in

14  California until each law firm has received a *Certificate of Registration* from the California State

15  Bar and filed with the California Secretary of State.  See, *e.g.,* Pyro Spectaculars North, Inc. v.

16  Souza, 861 F. Supp. 2d 1079, 1092 (E.D. Cal. 2012) (holding that an injunction would not cause

17  significant hardship to defendant, because "it would essentially only require him to abide by existing

18  law…").  (RJN, Exhibits 12-30; Meyer Dec., ¶¶ 19-28.)  This same rationale also applies to attorneys

19  employed by the Law Firm Defendants, who are not licensed to practice law in California, but file

20  pleadings on behalf of clients (including the PHH Defendants) and practice law in California.

21       Further, there is no valid justification for allowing the Defendants to continue perpetrating

22  their Scheme against unsuspecting borrowers, which the Honorable Roger L. Efremsky of the

23  United States Bankruptcy Court has expressly found to be frivolous and, as a result, denied recovery

24  of all requested attorneys' fees under the applicable loan documents, California law, and the United

25  States Bankruptcy Code by the Defendants and awarded Plaintiff her attorneys' fees and costs as

26  the "prevailing party" pursuant to California Civil Code § 1717(a). (RJN, Exhibit 11.)

27       On the other hand, if the Law Firm Defendants are allowed to continue representing the PHH

28  Defendants and are allowed to continue perpetrating their Scheme in the United States Bankruptcy

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 23 -

1   Court, there is substantial likelihood that additional borrowers (including Plaintiff) will be harmed

2   by Defendants' attempt to artificially manufacturer attorneys' fees which are impermissibly added

3   to the loan balance of unsuspecting borrowers in violation of the loan documents, California law,

4   and the United States Bankruptcy Code.

5        Based on the foregoing, this Court should find that injunctive relief is appropriate because

6   the balance of equities tips sharply in Plaintiff's favor.

7        **E.    The Injunctive Relief Sought is in the Public Interest**

8        "In exercising their sound discretion, courts of equity should pay particular regard for the

9   public consequences in employing the extraordinary remedy of injunction." Natural Res. Def.

10  Council, 555 U.S. at 24.  Here, the public interest weighs heavily towards granting Plaintiff the relief

11  that she seeks because injunctive relief will merely require the Defendants to comply with

12  established California law.  The Defendants will be unable to provide this Court with any legitimate

13  or valid legal justification for their actions in furtherance of the Scheme, or for why the Law Firm

14  Defendants should be authorized to represent clients in California without first duly registering as a

15  law corporation with the State Bar of California, or attorneys employed by the Law Firm

16  Defendants, who are not licensed to practice law in California, should be authorized to file pleadings

17  on behalf of clients in Courts located in California.  As such, Plaintiff's injunctive relief is in the

18  public interest and, in the interest of maintaining and preserving the integrity of the Federal Court

19  System, should be granted.

20  **IV.   CONCLUSION**

21       Based on the foregoing, Plaintiff has unequivocally established that: (1) the Defendants have

22  engaged in an illegal Scheme to churn attorneys' fees by prosecuting non-meritorious litigation to

23  the detriment of California debtors, and Defendants should be enjoined from continuing to employ

24  the Scheme; (2) the Law Firm Defendants have engaged in the unauthorized practice of law and,

25  therefore, must be enjoined from representing clients (including the PHH Defendants) until they

26  have properly complied with all applicable California law; and (3) the Law Firm Defendants employ

27  attorneys not licensed to practice law in California but, nevertheless, authorized these attorneys to

28  file pleadings on behalf of clients (including the PHH Defendants) and practice law in the State of

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 24 -

California.

As such, the Court should issue a preliminary injunction and immediately enjoin each of these unlawful and unfair business practices until such time that the Defendants comply fully with all applicable laws, or there is a final adjudication on the merits of these claims.

Dated:  July 7, 2020

**CALLAHAN & BLAINE, APLC**
**MEYER LAW GROUP LLP**

By:   /s/ BRETT E. BITZER
      Edward Susolik
      Brett E. Bitzer
      Brent D. Meyer
      Attorneys for Plaintiff
      JULIE CARMEN TORRES,
      Individually, and All Others Similarly
      Situated

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

CASE NO. 3:20-CV-04370-JSC
PLAINTIFF'S MOTION FOR ISSUANCE OF PRELIMINARY INJUNCTION